**\*E-Filed 11/05/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXANDRA SNOW and LISA BLUFORD,<br><br>          Plaintiffs,<br><br>     v.<br><br>BANK OF AMERICA, N.A., and DOES 1 through 100, Inclusive,<br><br>          Defendants.<br>_____/ | No. C 10-03226 RS<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND, AND REQUIRING RESPONSE FROM PLAINTIFFS TO AVOID DISMISSAL OF ACTION** |

Pro se plaintiffs Alexandra Snow and Lisa Bluford filed suit in San Mateo Superior Court against defendant Bank of America ("BOA") to prevent foreclosure of their home. Their complaint raises numerous claims based on BOA's alleged loan practices. BOA removed the case to federal court based on diversity jurisdiction and filed its motion to dismiss for failure to state a claim. A hearing on the motion was held in this Court on October 28, 2010. Plaintiffs did not file an opposition to the motion, nor did they appear at the hearing. For the reasons stated below, BOA's motion to dismiss is granted with leave to amend.

According to the complaint, plaintiffs acquired a home in San Mateo through a grant deed in December 2008. They also assumed a loan and began making $2,308 monthly payments. Countrywide Home Loans promised plaintiffs they would obtain title to the property after twelve months of payments. In February 2010, however, BOA refused to accept their mortgage payments and initiated foreclosure proceedings. Based on these allegations, plaintiffs assert the following claims: (1) intentional misrepresentation/fraud; (2) predatory lending practices; (3) breach of

fiduciary duty; (4) illegal pooling violations under Cal. Civ. Code §§ 1916.7, 1920, and 1921; (5) demand for accounting; (6) unfair business practices; (7) breach of the covenant of good faith and fair dealing; (8) declaratory relief; (9) quiet title; and (10) injunctive relief.

Under the Federal Rules of Civil Procedure, a complaint must present "a short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate if the claimant either does not raise a cognizable legal theory or fails to allege sufficient facts to support a cognizable claim. *See* Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). While a legally sufficient complaint does not require "detailed factual allegations," it must contain more than "unadorned" assertions of harm or bare legal conclusions without factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a complaint must state a "plausible claim for relief" to survive a motion to dismiss. *Id.* at 1950.

Furthermore, Federal Rule of Civil Procedure 9(b) requires that "[in] allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must plead the "who, what, where, when, and how" of the claimed misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Defendants must be provided notice of "particular misconduct," so that they may "defend against the charge" instead of generally deny wrongdoing. *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted).

In this case, plaintiffs' claims arise from an alleged relationship with BOA. Plaintiffs' complaint, however, lacks even minimal details regarding their interactions with the defendant. The complaint merely states that plaintiffs "assumed the subject loan" when they acquired their home through a grant deed from the prior owner. Plaintiffs do not identify any terms of the loan or even who the parties to the transactions were. They further assert that Countrywide Home Loans assured them that title to the Menlo Park house would be in their names after twelve months. After the year passed, however, BOA refused to accept their payments. These allegations fail to include details such as who made the assurance, where it was made, when it was made, or any additional circumstances.

While only claims grounded in fraud are subject to the heightened pleading standard of Rule 9(b), the Court at this point need not parse plaintiffs' complaint for allegations of fraud. Even under the Rule 8 pleading standard, plaintiffs fail to state any plausible claim for relief. Accordingly, BOA is dismissed from plaintiffs' complaint in its entirety. As the complaint represents plaintiffs' initial pleading, leave to amend is granted. Plaintiffs may intend to abandon this action, as they did not file an opposition and did not appear at the hearing. Therefore, plaintiffs must file any amended complaint no later than December 3, 2010. If plaintiffs fail to file an amended complaint by this time, the result will be: (1) dismissal on the merits as reflected in this order, and (2) dismissal on the added grounds of failure to prosecute.

Should plaintiffs desire to continue pursuing this action, they may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415/782.9000 x8657 or signing up for an appointment on the 15th Floor of the Courthouse, Room 2796. At the Legal Help Center, plaintiffs may speak with an attorney who may be able to provide basic legal help but not legal representation.

IT IS SO ORDERED.

Dated: 11/05/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Alexandra Snow**
1125 Carlton Avenue
Menlo Park, CA 94025

**Lisa Bluford**
1125 Carlton Avenue
Menlo Park, CA 94025

DATED:  11/05/2010

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.